Hon. Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL R. WILSON, | ) |
| Plaintiffs, | ) No. C10-499-RAJ |
| v. | ) |
| UNITED STATES OF AMERICA, | ) UNITED STATES' ANSWER |
| Defendant. | ) |

The United States of America, by and through its attorneys, Jenny A. Durkan, United States Attorney for the Western District of Washington, and Robert P. Brouillard, Assistant United States Attorney, hereby answers Plaintiff's First Amended Complaint for Personal Injuries and Damages, and asserts affirmative defenses as follows:

**A. PARTIES**

1. The United States admits on information and belief that Plaintiff is a resident of the State of Washington. The remaining allegations in this paragraph contain statements of jurisdiction, to which no response is required. To the extent that a response is required, the United States denies the remaining allegations in paragraph A.1.

2. The United States admits that the Bonneville Power Administration (BPA) is an agency within the Department of Energy (DOE), which is a federal executive agency. The United States denies the remaining allegations in paragraph A.2.

UNITED STATES' ANSWER - 1
(C10-499-RAJ)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1     3.    The United States denies the allegations in paragraph A.3.  Monty Griffith and "Jane Doe" Griffith are not proper defendants.  On June 16, 2010, this Court dismissed Plaintiff's claims against Monty Griffith and "Jane Doe" Griffith, and their marital community.

    4.    The United States admits that at all material times Monty Griffith was an employee of BPA, and that he was acting within the course and scope of his employment with BPA.  The United States denies the remaining allegations in paragraph A.4.

## B. JURISDICTION

    1.    The allegations in paragraph B.1 contain statements of jurisdiction, to which no response is required.  To the extent that a response is required, the United States denies the allegations in this paragraph.

    2.    The United States denies the allegations in paragraph B.2.

## C. VENUE

    1.    The United States admits that venue is appropriate in the United States District Court for the Western District of Washington.

## D. PRESENTATION OF FEDERAL TORT CLAIM

    1.    The United States admits that Plaintiff timely filed an administrative tort claim with BPA, and that BPA denied the administrative tort claim.  The United States denies the remaining allegations in paragraph D.1.

## E. FACTS

    1.    The United States admits that a collision occurred on June 18, 2008 on SR 167 in Kent, King County, Washington; that Plaintiff was stopped in traffic; and that the truck driven by Monty Griffith collided with Plaintiff's truck.  The remaining allegations in paragraph E.1 contain Plaintiff's characterization of this lawsuit, to which no response is required.  To the extent that a response is required, the United States denies the remaining allegations in paragraph E.1.

    2.    The United States admits that at the time of the collision Monty Griffith was an employee of BPA; that he was acting within the course and scope of his employment with BPA;

UNITED STATES' ANSWER - 2
(C10-499-RAJ)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 and that he was driving a truck owned by the United States.  The United States denies the
2 remaining allegations in paragraph E.2.
3     3.   The allegations in paragraph E.3 contain conclusions of law and fact, to which no
4 response is required.  To the extent that a response is required, the United States denies the
5 allegations in paragraph E.3.

### F.  NEGLIGENCE

7     1.   The United States denies the allegations in paragraph F.1.
8     2.   The allegations in paragraph F.2 contain conclusions of law and fact, to which no
9 response is required.  To the extent that a response is required, the United States denies the
10 allegations in paragraph F.2.
11     3.   The allegations in paragraph F.3 contain conclusions of law and fact, to which no
12 response is required.  To the extent that a response is required, the United States denies the
13 allegations in paragraph F.3.

### G.  DAMAGES

15     1.   The United States admits that as a result of the collision, Plaintiff incurred damages.
16 The United States denies the remaining allegations under this heading.
17     The United States denies that Plaintiff is entitled to the damages and relief that he seeks.
18 The United States denies all of the allegations of the Amended Complaint that have not been
19 specifically admitted.

### H.  PRAYER

21     Section H is a prayer for relief to which no response is required.  To the extent that a
22 response is required, the United States denies the allegations in this section.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25     Plaintiff's claims are subject to the limitations of the Federal Tort Claims Act contained
26 in 28 U.S.C. § 2680.

27
28

UNITED STATES' ANSWER - 3
(C10-499-RAJ)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2675(b), Plaintiff's recovery of damages is limited to the amount presented, and damages identified, in Plaintiff's administrative tort claim. To the extent that Plaintiff's prayer for relief exceeds the amount of the administrative claim, said amount must be stricken.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to interest, punitive damages, cost of the suit, or to a jury trial pursuant to the provisions of the Federal Tort Claims Act.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's complaint contains allegations of negligence or relief not raised in Plaintiff's administrative claim, the complaint is barred by 28 U.S.C. § 2675(a).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the United States upon which relief can be granted. If the United States were a private person, it would not be liable to Plaintiff under Washington law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's negligence was a contributing cause or cause in fact of the accident as alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff receives any injury or damages as alleged in the complaint, which the United States specifically denies, the injuries were caused as a result of the negligence of parties other than the answering Defendant, and any alleged liability on the part of the answering Defendant should be reduced by the negligence of Plaintiff and others whose negligence was of such a nature and character and existed to such a comparative degree as to bar and/or reduce the recovery against the answering Defendant.

UNITED STATES' ANSWER - 4
(C10-499-RAJ)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## EIGHTH AFFIRMATIVE DEFENSE

The injuries and/or damages to Plaintiff, as alleged in the Complaint, were not proximately caused by a negligent or wrongful act of an employee or employees of the United States.

## NINTH AFFIRMATIVE DEFENSE

All or a portion of the damages claimed by Plaintiff were neither caused nor contributed to by the alleged injuries sustained in the accident which forms the basis of this complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged. Plaintiff's claims are barred or diminished as a result of failure to exercise reasonable care in mitigating damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, are the result of pre-existing conditions which preceded the accident forming the basis of the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

All or a portion of the medical care obtained by Plaintiff, which forms the basis for his claim for damages, were not reasonably necessary for treatment of the injuries he allegedly sustained as a result of the accident forming the basis of the complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

In the event that a judgment is recovered herein against the United States, said judgment shall be reduced pursuant to any applicable laws, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

The United States reserves the right to plead all other affirmative defenses or any applicable state and federal statute which through discovery it learns may be applicable.

UNITED STATES' ANSWER - 5
(C10-499-RAJ)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim under the Federal Tort Claims Act is limited to the United States only. The Bonneville Power Administration, Monty R. Griffith, and "Jane Doe" Griffith are not proper defendants, and the Court lacks jurisdiction over Plaintiff's claims against them.

SIXTEENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Plaintiff's claim against the United States to the extent it falls within the Federal Tort Claims Act's discretionary function exception. 28 U.S.C. § 2680(a).

WHEREFORE, Defendant United States of America prays for judgment as follows:

1. For an order dismissing the Complaint in its entirety with prejudice;

2. For an award of Defendant's costs and disbursements incurred in this action; and

3. For such other and further relief as the court may deem just and proper.

DATED this 25th day of June, 2010.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

 /s/ *Robert P. Brouillard*
ROBERT P. BROUILLARD, WSBA #19786
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
Fax: (206) 553-4067
E-mail: robert.brouillard@usdoj.gov

UNITED STATES' ANSWER - 6
(C10-499-RAJ)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the United States Attorney Office for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers.

That on June 25, 2010, she electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the plaintiff(s):

Peter Erik Meyers
Email: peter@swansongardner.com

Todd Whitney Gardner
Email: todd@swansongardner.com

To the person(s) who are non CM/ECF participants, service will be made via U.S. postal service, addressed as follows:

-0-

DATED this 25th day of June, 2010.

s/Tina Litkie
TINA LITKIE
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-8639
Fax: (206) 553-4073
E-mail: tina.litkie@usdoj.gov

UNITED STATES' ANSWER - 7
(C10-499-RAJ)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970